UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 08 CR 009-1 |
| | ) | |
| JAMES KENNEDY | ) | Honorable Virginia M. Kendall |

**GOVERNMENT'S RESPONSE TO DEFENDANT**
**JAMES KENNEDY'S MOTION FOR RELEASE ON BOND**

NOW COMES the United States of America, by and through its attorney, PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, and respectfully submits the following Response to Defendant James Kennedy's Motion to Set Reasonable Bond, stating as follows:

1. On or about January 9, 2008, defendant Kennedy was charged in a criminal complaint with knowingly threatening bodily injury to a person, with the intent to retaliate against such person for giving information relating to the possible commission of a Federal offense communicated by such person to a law enforcement officer, in violation of Title 18, United States Code, Section 1513(b)(2).

2. The criminal charge was filed after law enforcement agents received information from a cooperating individual that he had received a threatening voice message from defendant Kennedy. The threatening message was left by defendant Kennedy following a meeting between government agents and defense counsel for defendant during which the evidence against defendant Kennedy was summarized. Additionally, certain undercover audio and video recordings were played making the identity of the cooperating individual readily apparent.

3.      Defendant Kennedy was indicted in a single indictment on February 20, 2008. If convicted on this charge, defendant Kennedy faces a maximum term of imprisonment of 10 years.

4.      On March 19, 2008[1], the grand jury returned a superseding indictment in which defendant Kennedy was charged with three counts of mail fraud and three counts of wire fraud, in violation of Title 18, United States Code, Sections 1341 and 1343, respectively. More specifically, defendant was charged with engaging in a scheme to defraud consumers through the sale of counterfeit art that defendant knowingly and falsely represented to be genuine limited edition prints. If convicted, defendant faces a maximum penalty of 20 years' imprisonment on each of these counts. While any calculations of a guideline range is necessarily very preliminary, the advisory guidelines range would likely be at least 78-97 months' imprisonment.[2]

5.      Defendant now moves this Court for release pending trial. In support of his motion, defendant states that he is willing to post $5200 as a condition of release and that there are relatives and friends willing to serve as a third-party custodian.

---

[1] It should be noted that, at the time defendant filed his motion for release on bond, he had not yet been indicted on the mail fraud and wire fraud charges.

[2] This preliminary calculation assumes a Criminal History Category I and is based on the following: Pursuant to §2B1.1(a)(1), defendant's base offense level is 7. Given that the loss was in excess of $1,000,000, defendant receives, at least, a 16-level increase pursuant to Guideline §2B1.1(b)(1). Pursuant to Guideline §2B1.1(b)(2)(C), the offense level is further increased six levels given that the offense involved in excess of 250 victims.

Defendant further cites the recommendations of the pre-trial services reports in Florida and Illinois in support of his release.

6.  As the Court is aware, this motion is governed by 18 U.S.C. § 3142. The government believes, as noted by the pretrial services officer that defendant poses a danger to the community. While there may be a combination of conditions that will assure the safety of the CI and the community, it is the government's position that the proposed conditions set forth in defendant's motion are not sufficient to assure the safety of the community.

7.  Defendant made a very clear and specific threat to the cooperating individual in this case. Specifically, defendant threatened the cooperating individual as follows:

> "Yeah (Cooperating Individual), I thought you were my friend. You're a dirty, lousy, no-good, cock-sucking, jagoff-bastard. You recorded me, and video taped me. You jagoff motherfucker. I'm gonna get you, baby. You're gonna, gonna, gonna go down big time now. Because I'm not fucking around with you anymore, god-dam it. They told me everything you done. I heard it – and I didn't believe it. So there you go, don't ever fucking call me again. And if I see you, I'm going to beat the living piss out of you – you jagoff prick. And, by the way, I need my fifteen thousand dollars that you never sent me any art in fuckin Florida, you jagoff, cheating, lying, prick, motherfucker."

While in some instances, a court may instruct an individual not to contact persons involved in the case, defendant Kennedy has made his intentions very clear as to the violent acts he would take if he were to come in contact with the CI.

8.  In light of the government's discovery obligations pursuant to the Federal Rules of Criminal Procedure, defendant will learn that there are other individuals who, to varying degrees, have provided information to the government during its

investigation of defendant Kennedy and his associates. Given that defendant has already threatened bodily harm to one cooperating individual, the government is concerned regarding the reaction defendant will have when he learns the identities of other individuals who have similarly cooperated or provided information to the government. The conditions of release set forth in defendant's motion are not sufficient to ensure the safety of these individuals once the fact of their assistance has been disclosed.

9. Defendant submits to the Court in his motion that he is willing to pledge $5200 of *seized* funds as collateral for any secured bond this Court would deem appropriate. The offered security is money that was seized by government agents while executing a search warrant and is believed to be proceeds from the sale of counterfeit art. As proceeds of the offense for which defendant has been charged, the $5200 is subject to forfeiture and, therefore, provides no security for defendant's release on bond. Other than the $5200 seized by federal agents, defendant did not offer any additional security to ensure his adherence to conditions of release.

10. As this Court is aware, the pre-trial services recommendation does not take into account the weight of the evidence against defendant. There is very strong evidence against defendant in this case. In addition to witness testimony, undercover recordings and physical evidence seized in this case, defendant has admitted to federal agents that he engaged in the sale of counterfeit art.

11. In sum, given the nature and circumstances of the offense and the weight of the evidence, the proposed conditions of release do not reasonably assure the safety of the community if released.

WHEREFORE, the Government respectfully requests that this Court deny defendant James Kennedy's motion for release on bond.

        Respectfully submitted,

        PATRICK J. FITZGERALD
        United States Attorney

By:   /s/ Nancy L. Miller
       **NANCY L. MILLER**
       Joseph Ferguson
       Stephen Heinze
       Assistant United States Attorney
       219 South Dearborn Street, Suite 500
       Chicago, IL 60604
       (312) 353-4224

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 08 CR 009-1 |
| | ) | |
| JAMES KENNEDY | ) | Honorable Virginia M. Kendall |

**CERTIFICATE OF SERVICE**

The undersigned Assistant United States Attorney hereby certifies that the following documents:

**GOVERNMENT'S RESPONSE TO DEFENDANT
JAMES KENNEDY'S MOTION FOR RELEASE ON BOND**

were served on **March 24, 2008**, in accordance with Fed R. Crim. P. 49, Fed. R. Civ. P. 5, LR 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.

    Respectfully submitted,
    PATRICK J. FITZGERALD
    United States Attorney

By:  /s/ Nancy L. Miller
    **NANCY L. MILLER**
    Assistant United States Attorney
    219 South Dearborn Street, Suite 500
    Chicago, IL 60604
    (312) 353-4224